**Ai Yie XUE Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 03–4455.

United States Court of Appeals, Second Circuit.

June 28, 2005.

Gary J. Yerman, New York, NY, for Petitioner.

Joseph A. Fazioli, Assistant United States Attorney, for Kevin V. Ryan, United States Attorney for the Northern District of California, San Francisco, CA (Erika Frick, Assistant United States Attorney, on the brief), for Respondent.

PRESENT: MINER, CALABRESI, Circuit Judges, and AMON, District Judge.*

### SUMMARY ORDER

Petitioner, Ai Yie Xue, a citizen of the People's Republic of China ("China"), petitions for review of a February 25, 2003 order of the Board of Immigration Appeals ("BIA"), summarily affirming a March 3, 2000 decision of an Immigration Judge ("IJ"). The IJ rejected petitioner's application for asylum and withholding of removal under the Immigration and Nationality Act of 1952, *see* 8 U.S.C. §§ 1158(a), 1231(b)(3), as well as relief under the United Nations Convention Against Torture ("CAT"), *adopted* Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85; 8 C.F.R. § 208.16.

Petitioner sought asylum on the grounds that she had been forced to undergo an abortion and (the implantation of an IUD) made to implant an IUD in 1992, and that her husband was threatened with forcible sterilization before he fled China that same year. The IJ rejected her claim of past persecution on credibility grounds, and in a one-sentence holding found that she had no reasonable fear of future persecution. The BIA summarily affirmed. On appeal, petitioner does not challenge the adverse credibility finding with respect to her claim of past persecution, but argues primarily that the IJ applied an improper legal standard in deciding her future-persecution claim.

Whatever the merits of the IJ's findings of lack of credibility, since petitioner has not challenged them, we are bound to accept them and find that there has been no past persecution. Under the circumstances, it is up to the petitioner to bring in evidence of her reasonable fear of future persecution. *See Diallo v. INS*, 232 F.3d 279, 285–86 (2d Cir.2000). This, apart from her showing that she has two children, she has not done. She has not, for example, proffered credible evidence that having two children would subject her to forced sterilization. As a result, even assuming arguendo that the IJ applied an unduly severe test for showing future persecution, any such error was harmless. The same is true with respect to petitioner's claim that the BIA relied on outdated country reports in affirming the IJ's decision. Assuming that claim to be true and the BIA's action to have been erroneous, it would still be the case that petitioner has not brought in adequate evidence of future persecution.

We have considered all of petitioner's other arguments and find them to be without merit. Therefore, the petition for review is DENIED.

---

* The Honorable Carol Bagley Amon, United States District Court for the Eastern District of New York, sitting by designation.